PRICE-BASS COMPANY *et al. v.* CHARLES M. McCABE, COMMISSIONER, ETC.

*(Nashville,* December Term, 1929.)

Opinion filed June 28, 1930.

A. W. AKERS and AUST, CORNELIUS & WADE, for complainant, appellants.

L. D. SMITH, Attorney-General, T. P. HENDERSON and R. E. MAIDEN, Assistant Attorneys-General, for defendant, appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The question involved is the amount of registration fees the State is authorized to collect on motor trucks.

By chapter 8, Acts of 1915, the fee was $5 for ''each auto truck,'' regardless of size.

By section 2, chapter 73, Acts of 1917, the fee was fixed as follows:

''For all motor trucks, freight and passenger, 30 cents per rated horsepower of motor so operated as rated by the Society of Automobile Engineers and an additional fee of $3 per ton for each ton carrying capacity; (factory rating).''

Section 15, chapter 149, Acts of 1919, provides as follows:

''. . . for all motor trucks, freight or passenger, fifty cents per rated horsepower of motor so operated as rated by the Society of Automobile Engineers, and an additional fee of five ($5) dollars per ton for each ton carrying capacity (factory rating).''

By chapter 108, Acts of 1923, the Act of 1919 was amended by striking out the words ''an additional fee of $5 per ton for each ton carrying capacity (factory rating),'' and by substituting in lieu thereof the following:

"An additional fee for each ton or fraction thereof carrying capacity (factory rating) as follows: one-half to two tons inclusive, $15; two and one-half tons to three and one-half tons inclusive, $20; four to four and one-half tons inclusive, $30; five to five and one-half tons inclusive, $40; six tons and each ton in excess thereof, $50."

█ The Act of 1923 differs from the previous acts only in that it groups trucks in five classes instead of one; the method of computing the fee upon a tonnage basis was not changed.

The first clause of the Act of 1923 provides for a fee based upon each ton or fraction thereof. Subsequent clauses classify trucks and prescribe the rate for each class.

Complainants insist that every truck in a given class must pay the same fee; for example, in the first class, a two ton truck would pay the same fee as a one ton truck. If such had been the legislative intent, the words "each ton or fraction thereof" would not have been included, for with their omission the act would be susceptible of the construction contended for. When analyzed it will be observed that the Acts of 1917, 1919 and 1923 are very much alike in phraseology, and each provides for (a) a fee computed upon tonnage, and (b) at a given rate. The legislature had the power to group the trucks into five classes instead of one and to prescribe an increased rate for each class. It is only in this particular, as previously stated, that the Act of 1923 differs from the other acts. There is no ambiguity in the act and the interpretation thereof by the chancellor is correct.

█ The fact that the Department of Finance and Taxation has construed the act otherwise for the past six years is not controlling. *Mengel Box Co.* v. *Stevens,* 141

Tenn., 373; *Pryor* v. *Marion County,* 140 Tenn., 399; *State* v. *Murphy,* 101 Tenn., 515.

The chancellor dismissed the bill upon demurrer and his decree will be affirmed.