SOUTHERN COAL CO., INC., *v.* MCCANLESS.

(*Nashville,* December Term, 1945.)

Opinion filed March 2, 1946.

ALLAN DAVIS and LEWIS R. DONELSON, III, both of Memphis, for appellant.

WILLIAM F. BARRY, Solicitor General, and ALLISON B. HUMPHREYS, JR., Assistant Attorney General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal is by the Southern Coal Company, a taxpayer under the Tennessee Excise Tax Law, from the action of the Chancellor of Part II of the Chancery Court of Davidson County, in dismissing a bill filed by the taxpayer against McCanless as Commissioner of Finance and Taxation, and *ex officio* administrator and collector of the state excise tax. The bill was filed under Code, section 1790 to secure repayment of $782.84, being a part of the amount of excise taxes owed by the taxpayer for the year 1943, and paid by it under protest.

The controversy is over the method prescribed for determination of ''net earnings'' for the levy of the tax. The taxpayer insists that its returns are on an accrual basis, that it has filed a petition with the federal commissioner for relief under sections 710 (a) (5) and 722, U. S. Internal Revenue Code, 26 U. S. C. A. Int. Rev. Code, sections 710(a) (5), 722, which sections provide relief for taxpayers of federal excess profits taxes under certain conditions. It is insisted that as permitted by those sections, the taxpayer has conditionally withheld payment of part of its Federal taxes, and has actually paid on a basis of earnings of only $453,880.61, when its maximum liability is on a basis of earnings of $684,517.52. The taxpayer further insists that since the federal authorities may deny the petition for relief, and so fix tax-

payer's liability for federal taxes in a greater amount on earnings of $684,517.52, that, therefore, since its books are kept on an accrual basis, it should now be allowed credit on its state excise tax return on the greater amount, as if federal taxes on that amount had actually been paid.

Stated simply, the taxpayer maintains that the State should be forced to wait for the collection of $782.84 of excise taxes now admittedly due from the taxpayer for the year 1943, until the federal authorities shall have denied the petition of the taxpayer for relief. The taxpayer seeks indulgence from the Federal Government, alleging that it is entitled to certain relief and seeks a credit from the State which would be proper only if it is not entitled to that same relief.

After considering the stipulation of facts filed and hearing argument, the chancellor held that since the taxpayer could, upon the final grant of relief by the U. S. Government, file a supplemental return and secure a refund from the State for excise tax overpaid, that under the procedure adopted by the commissioner the rights of the taxpayer were fully protected, while under the procedure proposed by the taxpayer, the rights of the State to collect the controverted tax would be jeopardized. He, therefore, dismissed the bill and the taxpayer perfected its appeal.

Numerous assignments of error are made which are that the chancellor erred in approving the commissioner's method of fixing "net earnings" for the computation of the state excise tax because such method is arbitrary and an abuse of discretion that he erred in not holding that the taxpayer should be allowed credit in fixing the amount owed for state excise tax for the amount of federal taxes accrued, but not paid; and that he erred in holding that

the right of the State to collect excise taxes would be jeopardized if credit should be allowed on an accrual basis.

The wide discretion and authority granted the Commissioner of Finance and Taxation by Chapter 21, Public Acts of 1923, the State Excise Tax Law, was first unsuccessfully assailed in the litigation which led to the opinion of this Court in *Bank of Commerce & Trust Co. v. Senter*, 149 Tenn. 569, 260 S. W. 144, where the constitutionality of the act was upheld and delegation of power approved for reasons stated in the opinion. Speaking for the Court, Mr. Justice Cook said, in the course of the opinion: "In adopting the measure the Legislature could have given the term 'net earnings' a statutory definition, but since that was not done the phrase must be given its usual and ordinary meaning, without any forced or subtle construction." (149 Tenn. at pages 592, 593, 260 S. W. at page 150.)

And after the Senter case was reaffirmed in the case of *National Life & Acc. Ins. Co. v. Dempster*, 168 Tenn. 446, 79 S. W. (2d )564, the legislature, in 1937, amended the Act of 1923 with regard to the commissioner's power to fix the determination of "net earnings," so that the pertinent part of the State Excise Tax Law now reads as follows: "In all matters requiring the exercise of judgment and discretion as to what may or may not be net earnings, the judgment and opinion of said commissioner shall be final and conclusive and there shall be no review of his action except that the taxpayer shall have the right to pay any such tax under protest and to sue for the recovery thereof or the recovery of a part thereof under section 1790 et seq. of the Code of Tennessee." Code, section 1323 (2 Williams Tenn. Code 1943 Ed.).

The fair construction of this provision is that the commissioner has full and final discretion to provide a method of fixing "net earnings," and so long as the method employed is not obviously arbitrary, or a manifest abuse of discretion, the method he fixes is final and not subject to judicial review.

In the case before us, the question presented is, therefore, limited to a determination whether the action of the commissioner in allowing credit on only those expenses of the corporation which had been paid, as distinguished from those not paid, but accrued, was an arbitrary action or such abuse of discretion as would lead this Court under the foregoing section of the Code, to step in and substitute a definition of the term "net earnings" for that laid down by the commissioner.

The State Excise Tax Law makes no mention of corporate expenses "accrued and not paid," so that the consideration and credit for such expenses is left entirely to the discretion of the commissioner within the limits of "net earnings" as they were defined in the Senter case: "The term 'net earnings' not being defined by the act, must be given its usual and ordinary meaning of *what is left of earnings after deducting necessary and legitimate items of expense incident to the corporate business.*" *Bank of Commerce & Trust Co.* v. *Senter, supra,* 149 Tenn. at page 596, 260 S. W. at page 151.

The arithmetical calculation so prescribed could only be made if earnings and expenses were in a fixed and definite amount at the time of the return by the taxpayer. The rule stated allows no credit for contingent claims and limits the meaning of the word "net" to its definition in Webster and other lay dictionaries (q. v.).

That a claim by a taxpayer for deferment of part of federal excess profit taxes, which is dependent on the

discretion of public officials and has not been determined, is contingent and of uncertain amount is apparent. Indeed, under the provisions of sections 710(a) (5), Internal Revenue Code, 26 U. S. C. A. Int. Rev. Code, section 710(a) (5), the plea of the taxpayer is not a litigable claim and is rather a request for indulgence. As the taxpayer frankly states in its brief, the petition now pending before the federal commissioner is not a claim of right, and is at most an appeal to the discretion of the United States commissioner, who is authorized to grant an indulgence in those cases where the imposition of the full amount of the excess profits tax would work an abnormal hardship.

The disallowance by the state commissioner of such a contingent credit on the computation of the excise tax due the State is supported in principle by the federal rule for the computation of income tax under which a taxpayer who makes returns on an accrual basis is allowed no credit for a contingent liability accrued but not paid in the taxable year. *Dixie Pine Prod. Co.* v. *Commissioner of Int. Rev.*, 320 U. S. 516, 64 S. Ct. 364, 88 L. Ed. 270; *Security Flour Mills Co.* v. *Commissioner of Int. Rev.*, 321 U. S. 281, 64 S. Ct. 596, 88 L. Ed. 725. In the former case it was said of the taxpayer's attempt to secure credit on a tax liability, accrued but not paid, that: "It must, in the circumstances, await the event of the state court litigation and might claim a deduction only for the taxable year in which its liability for the tax was finally adjudicated." (320 U. S. at page 519, 64 S. Ct. at page 365, 88 L. Ed. 270.)

Though these federal cases deal with other statutes that are, therefore, not final authority for the commissioner's position here, clearly, when he pursues a course for the determination of "net earnings" which has been

approved by the Supreme Court of the United States, his action is neither arbitrary nor an abuse of discretion.

It is equally reasonable and just that for credit on the state tax, the taxpayer should wait until his claim with the Federal Government is finally adjudicated and take credit as that adjudication justifies. The taxpayer in its brief undertakes to offset the effect of these decisions (*Dixie Pine Prod. Co.* v. *Commissioner of Int. Rev., supra,* and *Security Flour Mills Co.* v. *Commissioner of Int. Rev., supra*) by citation of judgments of lower federal courts which distinguish cases where the validity of the tax law, as distinguished from the amount of tax, was in controversy, but since these cases were decided to construe laws in which different methods of accounting for returns on a cash and on an accrual basis, were prescribed, they are not in point here.

██ The ruling of the commissioner is in line with the reason and principle which led in 1873 to the enactment of sections 1790, 1794 and 1795, under which this suit is brought. These sections provided an exclusive remedy for the taxpayer who sought recovery of taxes wrongfully collected. He was forbidden to delay the collection even of illegal taxes by resort to extraordinary processes of *certiorari,* prohibition, and injunction. As between the taxing authority and the taxpayer, the latter is forced to pay the tax and sue for its recovery. The taxing authority is given the use of the money *ad interim.* In an early case where the Act of 1873 was upheld, this Court said: "The power to tax is not conferred by the Constitution, but is the incident and the highest attribute of sovereignty. Its limitations are self-imposed by the sovereign, and these alone are to be found in the bills of rights and constitutions vouchsafed to the subject for his protection. No government could exist for a day

without this attribute of supereminent sovereignty, *and no government could exist for a day if its subjects could resist at pleasure and without restriction, the power to levy taxes."* *Louisville & N. R. Co.* v. *State of Tennessee et al.,* 55 Tenn. 663, 805. (Emphasis ours.)

It is readily seen that the ruling of the commissioner is the rule of reason and common sense, since what one taxpayer may do, all may do, and if all those taxpayers liable for the excise tax were allowed to withhold payments of taxes until the determination of claims filed in various bureaus of the Federal Government, those departments of the State Government depending in whole or in part on the excise tax for their support, might well be seriously hindered in their operation.

Here, we think the commissioner correctly insists that the taxpayer pay the full amount of the tax due, and if the Federal Goernment refuses the petition for deferment and further sums are necessarily paid the United States for excess profits taxes, the taxpayer may file a supplemental return with the State and secure relief.

It is, however, argued by the taxpayer that since the decision of his right to relief from the federal taxes may be delayed beyond the period of one year fixed by Code section 270.1 as the limit within which an amended return for the state excise tax may be filed, that when his right to relief is made definite by federal decision, the right to relief may be foreclosed by the statutory limitations. This argument is now irrelevant on two grounds. It is not on this record before this Court for determination, and since an opinion of the attorney general is filed with the brief of the State, in which the taxpayer is assured of opportunity of filing an amended return within one year from the final decision of the United States com-

missioner, we cannot speculate that this rule· will be changed in the future. In the second place, if the period of limitation is too short, or the language of the law inept, the remedy is by legislative amendment—not judicial decision.

Decree affirmed.