TENNESSEE AIRCRAFT, INC. *v.* EVANS, COMMISSIONER OF
FINANCE & TAXATION.

(*Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

HUME, HOWARD, DAVIS & BOULT, of Nashville, for complainant.

HARRY PHILLIPS, Assistant Attorney General, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

Complainant, Tennessee Aircraft, Inc., filed its bill in the Chancery Court of Davidson County, to recover the sum of $7,983.04 in excise taxes paid under protest to the Commissioner of Finance and Taxation. The Commissioner of Finance and Taxation filed a demurrer to this bill, which was overruled by the Chancellor, and the Commissioner has perfected his appeal to this Court.

The only question before this Court is whether a corporation which has deducted its Federal income taxes in calculating its net earnings for Tennessee excise tax purposes, and later received a refund of its Federal taxes under the net operating loss carry-back provisions of the Federal Income Tax Law, 26 U. S. C. A. Sections 23 (f), 26, 122, is still entitled to deduct such Federal income taxes from net earnings in calculating its Tennessee excise taxes for the year in question.

In calculating its Tennessee excise taxes for 1944, complainant deducted its Federal income taxes paid that year, totaling $197,711.59.

In 1945, in calculating its Tennessee excise taxes, complainant deducted its Federal taxes paid that year, totaling $142,600.73.

In 1946, complainant sustained a net operating loss of $360,865.88 and, by virtue of the net operating loss carry-back provisions of the Federal Income Tax Law, filed a claim for refund for its 1944 and a part of its 1945 Federal taxes.

It is contended by the Commissioner that the effect of this application for refund was to wipe out the Federal net income for the year 1944 and to reduce the Federal net income for 1945 to the extent of $87,463.39. It is further contended by the Commissioner that under this recalculation complainant owed no Federal income taxes for 1944 and the 1945 Federal taxes were substantially reduced. That the claim for refund was allowed, so that complainant received a refund of all its Federal income taxes for 1944, which had previously been subtracted from its net earnings in calculating Tennessee excise taxes for 1944. That complainant also received a refund of a part of its Federal taxes for 1945, which had previously been deducted from net earnings in calculating its Tennessee excise tax for 1945.

Since the Federal taxes which complainant had previously taken as a deduction for Tennessee excise tax purposes were refunded in whole for 1944 and in part for 1945, the Commissioner undertook to increase the net earnings used as a measure of complainant's 1944 and 1945 taxes, and assessed additional taxes based on the amount of said Federal income taxes so refunded.

The Chancellor was of opinion that the taxes were improperly assessed and collected by the Commissioner. That the action of the Commissioner was based on an

erroneous calculation of the net earnings of complainant for the years in question, by including in said net earnings the amounts of Federal income and excise profit taxes, which taxes became, by events occurring in subsequent years, refundable. That at the end of the calendar years in question, the items of taxes which might thereafter become so refundable were wholly indeterminate and contingent, and that the value of the right which might accrue for such refund was a wholly contingent asset not properly included in calculating net earnings for the year.

In *Southern Coal Co.* v. *McCanless*, 183 Tenn. 457, 192 S. W. (2d) 1003, it was held that contingencies as to future assessments or refunds of Federal taxes are not to be taken into consideration in determining State excise taxes.

The reports made by complainant on its State excise tax returns in 1944 and 1945 were correct, and complainant paid its excise taxes to the State on the basis of these returns.

It developed by future contingencies that complainant, in a subsequent year, sustained heavy losses, and the Federal Government refunded income taxes to complainant for the years 1944 and 1945 under the net operating loss carry-back provisions of the Federal Income Tax Law. This refund, which followed a contingency brought about by future losses, was entirely a plan of the Federal Government by which refunds were made. To interlace the collection of excise taxes with contingencies that might arise from time to time under the net operating loss carry-back provisions of the Federal Income Tax Law would serve to bring about confusion in the administration of the State Excise Tax

Law, Code, Section 1316 et seq., and we do not think such condition was ever contemplated by the Legislature. According to its reports, complainant paid the State excise taxes for the years 1944 and 1945 by a correct calculation, and the carry-back provisions of the Federal Income Tax Law amounted to a subsidy to various Federal income taxpayers. "The uniform result has been denial both to government and to taxpayer of the privilege of allocating income or outgo to a year other than the year of actual receipt or payment, or, applying the accrual basis, the year in which the right to receive, or the obligation to pay, has become final and definite in amount." *Security Flour Mills Co.* v. *Commissioner of Internal Revenue*, 321 U. S. 281, 287, 64 S. Ct. 596, 599, 88 L. Ed. 725, 729.

We find no error in the decree of the Chancellor and it is affirmed.

All concur.