SOUTHERN COACH LINES, INC. *v.* McCANLESS.

(*Nashville,* December Term, 1950.)

Opinion filed January 13, 1951.

ARMISTEAD, WALLER, DAVIS & LANSDEN, of Nashville, for appellant.

ROY H. BEELER, Atty. Gen., WILLIAM F. BARRY, Sol. Gen., and ALLISON B. HUMPHREYS, JR., Asst. Atty. Gen., for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a suit by the Coach Company against the State to recover certain excise taxes paid under protest. The Chancellor found for the State, and the Coach Company has appealed. Certain adjustments were made by the

State and the complainant Coach Company, and the complainant claims it is entitled to recover only $26,553.50, together with interest from April 17, 1944.

The tax involved is provided for by Section 1316 of the Code of Tennessee, which reads as follows, in part: "All corporations, cooperatives conducted for profit, joint-stock associations and business trusts, organized under the laws of the State of Tennessee, other than those organized for general welfare and not for profit, and all such entities organized under the laws of any other state or county for profit and doing business in Tennessee, shall, without exception, pay to the commissioner of finance and taxation annually an excise tax, in addition to all other taxes, equal to three and three-quarters per cent (3.75%) of the net earnings for their next preceding fiscal or calendar year, from business done within the state."

It appears that in 1931 the Tennessee Electric Power Company owned the outstanding stock of the Nashville Railway and Light Company, which operated the street railway system in Davidson County. In 1931 the Railway and Light Company was dissolved and the properties were taken over by the parent corporation, the Tennessee Electric Power Company. In 1940 the Power Company organized the Nashville Coach Company and in exchange for the Coach Company's capital stock, the Power Company transferred to the Coach Company its transportation properties in Davidson County. The stock of the Coach Company was later transferred to the Tennessee Utilities Corporation, which was a subsidiary corporation of the Commonwealth and Southern. In September, 1941, the stock of the Nashville Coach Company was sold by the Tennessee Utilities Corporation to the

Equitable Securities Corporation and Paul M. Davis. The name of the Nashville Coach Company was changed to Southern Coach Lines, Inc. The Nashville Coach Company was organized originally with an authorized capital of ten thousand shares of common stock at a par value of $100.00 each. For 6446 shares, the Tennessee Electric Power Company paid $644,600 in cash and for the remaining 3554 shares of stock the Power Company in 1940 deeded to the Coach Company all its physical properties in Davidson County, and these assets were entered on the books of the Company at $355,400. Included in the properties transferred were certain obsolete materials which had been used in connection with operating a street car system and not necessary to be retained in connection with the operation of the gasoline buses, and these items were entered on the books of the Coach Company at $1.00.

The old street cars and other properties were sold for scrap. In 1940, the Company realized from the sale of scrap a net amount of $51,630.74; in 1941 a net amount of $149,255.39; and in 1942 a net amount of $16,878.83. The Company also sold real estate for $1,159.35. The total receipts realized from said sales were $232,422.00. These items were entered on the books of the Company as capital surplus.

The complainant insists that in arriving at taxable net earnings for excise tax purposes, it had the right to deduct from income losses incurred by it in the scrapping of the street car company property; that this loss was the difference between the original cost to its predecessor corporation and the proceeds from the sale of the scrap.

The state insists that a new corporation was formed in the Southern Coach Company which did not have the same officers nor the same stockholders.

In *Bank of Commerce & Trust Co.* v. *Senter,* 149 Tenn. 569, 260 S. W. 144, 151, the Court said: "The term 'net earnings,' not being defined by the act, must be given its usual and ordinary meaning of what is left of earnings after deducting necessary and legitimate items of expense incident to the corporate business." See also *National Life & Accident Ins. Co.* v. *Dempster,* 168 Tenn. 446, 79 S. W. (2d) 564.

Under the Federal rule, the Coach Company would have been considered as having been created pursuant to a reorganization plan and had therefore the right to take into consideration original values in determining the taxable net income.

■ The corporation excise tax law does not give the Commissioner of Finance and Taxation authority to agree to an arbitrary method of depreciation or determining loss from obsolescence. Williams' Annotated Code, Section 1316 et seq; *Fidelity Bankers Trust Co.* v. *McCanless,* 181 Tenn. 476, 181 S. W. (2d) 747.

■ The Commissioner has full and final discretion to provide a method of fixing net earnings and so long as the method employed is not obviously arbitrary, the method he fixes is final and not subject to judicial review. *Southern Coal Co.* v. *McCanless,* 183 Tenn. 457, 192 S. W. (2d) 1003.

■ All of the net earnings of a corporation, without regard to the source from which the same are derived, constitute the measure of the excise tax. *National Life & Accident Ins. Co.* v. *Dempster,* 168 Tenn. 446, 458, 79 S. W. (2d) 564.

■ In the present case, the Coach Company received assets at practically no cost to it and disposed of them at sale. The proceeds from this sale should be treated as

earnings since it appears that the proceeds were paid out in stock dividends.

In addition to the above, the Court is of the opinion that the complainant is estopped to take the position that it is entitled to have the benefit of the original value of the scrap at the time it was acquired by the corporation. The complainant was required to file both an excise and franchise tax return. Had said properties been entered on the company's books, either at their original or actual value, this would have been reflected in its franchise tax return and a substantial franchise tax would have been assessed against complainant by reason of this. *Hamilton* v. *Zimmerman,* 37 Tenn. 40; *Electric Light & Power Co.* v. *Bristol Gas Electric Light & Power Co.,* 99 Tenn. 371, 42 S. W. 19.

It results that we find no error in the decree of the Chancellor and it must be affirmed.

All concur.