**UNION PLANTERS NATIONAL BANK OF MEMPHIS and Memphis Bank and Trust Company, Appellees,**

v.

**Jayne Ann WOODS, Commissioner of the Department of Revenue for the State of Tennessee, Appellant.**

Supreme Court of Tennessee.

Dec. 3, 1979.

William M. Leech, Jr., Atty. Gen. and Reporter, David S. Weed, Sr. Asst. Atty. Gen., Nashville, for appellant.

David C. Scruggs, Dale Woodall, Cobb, Edwards, Hamlet, Nichol & Woodall, Memphis, for appellees.

OPINION

COOPER, Justice.

This appeal presents the issue: Is Excise Tax Rule and Registration No. 1320–6–1.-22(a) (1974), as promulgated by the Commissioner of the Department of Revenue for the State of Tennessee, inconsistent with T.C.A. § 67–2701 (Supp.1975), so that excise taxes collected pursuant to the regulation were erroneously assessed? The chancellor answered the issue in the affirmative, and awarded the respondent taxpayers a refund of excise taxes and interest paid under protest. We affirm the chancellor's decree.

Appellee Union Planters National Bank is a national banking association with its principal office in Memphis, Tennessee. Appellee Memphis Bank and Trust Company is a state banking association chartered in Tennessee, with its principal office also being located in Memphis. Both banks filed franchise and excise tax returns showing net operating losses in 1973 and in 1974, after the deduction of income from the obligations of the State of Tennessee and its political subdivisions as provided in T.C.A. § 67–2701(C) (Supp.1975). Both banks had profitable years in 1975 and, in filing their Tennessee Franchise and Excise Tax Return for that year, sought to carry forward the losses from the two previous years. *See* T.C.A. § 67–2701(B). The Commissioner of Revenue, citing the regulation promulgated by her, required the addition of previously excluded interest income to the net operating loss to determine the loss to be carried forward. Under the regulation, Union Planters National Bank was allowed to deduct a "net operating loss" of $4,997,711.00 which was $3,572,690.00 less than its computed net operating loss for the years 1973 and 1974. Memphis Bank & Trust Company, because of the application of the regulation, was allowed no deduction in 1975 for its net operating loss of $177,617.00 in 1973 and $241,337.00 in 1974.

The parties stipulated that Union Planters National Bank of Memphis paid Tennessee excise taxes in the sum of $192,030.00 for the calendar year of 1975 together with interest in the amount of $3,200.50, and that Memphis Bank & Trust Company paid $21,301.00 in excise taxes and $101.93 in interest for the calendar year 1975. The parties further stipulated that the taxes and interest paid by the banks were assessed and collected by the commissioner pursuant to T.C.A. § 67–2701 (Supp.1975) and Regulation No. 1320–6–1.22(a), and were paid by the banks under protest.

T.C.A. § 67–2701 (Supp.1975) provides that all corporations and all national banks doing business in Tennessee shall pay an annual excise tax equal to six percent of its net earnings for the next preceding fiscal year from business done within the State.

Net earnings subject to tax are subject to certain adjustments—those pertinent to this action being paragraphs (B) and (C) of Section 67–2701, which are as follows:

(B) All entities enumerated hereinabove and taxable under this section may carry their current year's losses forward two (2) years in computing net earnings subject to said tax.

(C) There shall be excluded from "net earnings" any income derived from bonds or other such obligations of the state of Tennessee, its instrumentalities or political subdivisions, including but not limited to counties, municipalities, utility districts, school districts and public authorities.

With the exception of exclusions set forth in the statute, such as in (C) above, the phrase "net earnings" is not defined. Neither is the term "losses," as used in (B) above defined.

Tennessee Code Annotated § 67–2721 (Supp.1975) provides:

The commissioner of finance and taxation is authorized to make and promulgate rules and regulations, *not inconsistent with this chapter,* for the purpose of carrying out the provisions of this chapter, which rules and regulations, when approved by the attorney general, and when promulgated and published, shall have the force and effect of law.

The Department of Revenue promulgated Excise Tax Rule and Regulation No. 1320–6–1.22(a) (1974) applicable to the tax years in question, which addresses loss carryovers in the following language:

The term "losses" as used in Section 67–2701, T.C.A. is hereby defined as the excess of allowable deductions over total income for the taxable year. The amount of "losses" that may be carried forward will be subject to the following adjustments:

(a) There shall be added to the net loss as determined for excise tax purposes . . . all interest . . . excluded from net earnings pursuant to Subsection[s] . . . (C) of Section 67–2701, T.C.A.

The Tennessee Excise Tax Statute §§ 67–2701 et seq. (Supp.1975) does not specifically define "losses" to be carried forward in computing net earnings subject to the excise tax. Neither does it define "net earnings." It does however direct in mandatory terms that "There shall be excluded from 'net earnings' any income derived from bonds or other such obligations of the state of Tennessee, its instrumentalities or political subdivisions, . . . ." The obvious purpose of the exclusion of such income from the impact of the excise tax is to make the obligations of the State, its instrumentalities and political subdivisions, attractive to corporate investors and national banks at a lower interest rate than otherwise would be demanded by the buyer of the bonds. The effect of the regulation adopted by the Commissioner of Revenue is to tax income from state bonds where the corporation attempts to offset net earnings by losses sustained in the preceding two years. This is contra to the specific directive of the legislature that income from bonds or other such obligations of the state be excluded from the impact of the excise tax, and defeats the purpose of the legislature in granting such an exclusion. This being so, it necessarily follows that the Commissioner of Revenue manifestly abused her discretion in promulgating Rule and Regulation No. 1320–6.–1.22(a) and taxes paid because of the application of the rule must be refunded to the taxpayer where, as in this case, payment was made under protest.

The decree entered in the Chancery Court of Shelby County is affirmed.

BROCK, C. J., and FONES, HENRY, and HARBISON, JJ., concur.