FIRST AMERICAN NATIONAL BANK
OF KNOXVILLE (Park National
Bank), Plaintiff–Appellant,

v.

Martha B. OLSEN, Commissioner of
Revenue for the State of Tennessee,
Defendant–Appellee.

Supreme Court of Tennessee,
at Knoxville.

Nov. 23, 1987.

Donald F. Paine, D. Michael Swiney, T. Harold Pinkley, Paine, Swiney, and Tarwater, Knoxville, for appellant.

John C. Speer, Charles T. Tuggle, Jr., William H.D. Fones, Jr., Heiskell, Donelson, Bearman, Adams, Williams, and Kirsch, P.C., Memphis, for Amici Curiae: First Tennessee Bank Nat. Ass'n.

Stephen K. Rush, G. Michael Yopp, Paula W. Reed, Farris, Warfield & Kanaday, Nashville, for Third Nat. Bank.

Robert J. Warner, Steven L. Gill, Dearborn & Ewing, Nashville, for Commerce Union Bank.

W.J. Michael Cody, Atty. Gen. and Reporter, Joe C. Peel, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

DROWOTA, Justice.

In this tax refund suit, involving two consolidated cases,[1] Plaintiff seeks a refund of corporate excise taxes paid under protest for the tax year 1983. Plaintiff contends that the amended excise tax, T.C.A. §§ 67–4–801, et seq., violates 31 U.S.C. § 3124(a) and impairs the obligation of a contract. Further, Plaintiff alleges that the trial court erred in disallowing the calculation of its 1982 net operating loss to be carried over into the 1983 tax year.

The genesis of this lawsuit is found in this Court's decision in *Memphis Bank & Trust Co. v. Garner*, 624 S.W.2d 551 (Tenn. 1981) (*Garner I*), *reversed and remanded* 459 U.S. 392, 103 S.Ct. 692 (1983). In *Memphis Bank & Trust Co. v. Garner*, 459 U.S. 392, 103 S.Ct. 692, 74 L.Ed.2d 562 (1983) (*Garner II*), the United States Supreme Court held that the Tennessee local bank excise tax, T.C.A. §§ 67–751, et seq. (now repealed),[2] unconstitutionally discriminated against Federal obligations because the interest from such obligations was included in the tax base while the interest on the obligations of the State of Tennessee was not included, thereby violating 31 U.S.C. § 742 (now codified as 31 U.S.C. § 3124). Upon remand, this Court issued an unpublished opinion, *Memphis Bank & Trust Co. v. Garner* (filed February 27, 1984; *per curiam*) (*Garner III*), which conformed to the holding of the United States Supreme Court. Subsequent to the opinion in *Garner II*, the Tennessee Legislature amended the Tennessee Corporate Excise Tax, T.C.A. §§ 67–4–801, et. seq., to cure the same discriminatory treatment of Federal obligations found in the local bank tax act, which the Legislature repealed, by including Tennessee obligations in the excise tax base under T.C.A. § 67–4–805 (Supp.1987) and thus treating Federal and State obligations in a nondiscriminatory fashion. *See Midland Bank & Trust Co. v. Olsen*, 717 S.W.2d 580, 582 (Tenn.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1336, 94 L.Ed.2d 186 (1987).

Plaintiff's predecessor, Park National Bank, and First American National Bank paid their 1983 corporate excise taxes under protest and on March 11, 1983, filed a Complaint in the Chancery Court for Knox County, seeking a refund of 1983 excise taxes.[3] A number of amendments to the Complaint followed to include subsequent payments of taxes under protest and on September 30 and October 1, 1985, the trial of this action was held. On January 28, 1986, Chancellor Frederick McDonald filed

---

1. Initially, three cases were consolidated but one was settled. The two remaining cases involve Park National Bank and First American National Bank of Knox County, which merged in November, 1983. They are referred to as Plaintiff. First American National Bank was the surviving corporation in the merger.

2. Chapter 227, § 1, 1983 Public Acts.

3. A refund of certain 1982 taxes was also sought and recovered; this is not an issue in this case.

his Memorandum Opinion in which he determined that the corporate excise tax was properly imposed in 1983. Finding that the Legislature's inclusion of the interest on Tennessee obligations in Plaintiff's net earnings did not impair the obligation of a contract because the tax was not imposed on these obligations but was merely measured by the income of the corporation, which income included interest earned on government obligations, the Chancellor ruled that no refund of 1983 taxes was due. Following a Motion for Further Findings of Fact and Conclusions of Law, the trial court again issued a Memorandum Opinion on May 8, 1986, which did not substantially alter the January 28, 1986, rulings, and Judgment was entered on May 25, 1986. Notice of Appeal was duly filed. We now affirm.

The issues on appeal are: (1) Whether the Tennessee Corporate Excise Tax, as amended in 1983, violates 31 U.S.C. § 3124(a) because the amendment was ineffective to cure discrimination against Federal obligations; (2) Whether the corporate excise tax is a franchise or nonproperty tax within the meaning of 31 U.S.C. § 3124(a)(1); and (3) Whether the Plaintiff is required to include interest on government obligations in computing its 1982 net operating loss carryover for the purpose of its 1983 excise taxes. These issues are purely legal and no factual dispute exists in this case.

Plaintiff argues that the 1983 amendment to T.C.A. § 67-4-805 is ineffective because it conflicts with T.C.A. § 9-9-112, which exempts State obligations from taxation (with certain exceptions inapplicable in this case), and other similar provisions. The tax exemption provided by these sections, being specific, controls the general excise tax statutes and thus revives the discriminatory treatment of Federal obligations held unconstitutional in *Garner II* and *Garner III*. Moreover, Plaintiff also contends that the 1983 amendment to the Tennessee Corporate Excise Tax breaches and impairs the obligation of its contracts with the State, formed when it purchased these tax exempt obligations prior to the amendment, and imposes the excise tax retroactively upon State obligations, violating the Constitutions of the State of Tennessee and of the United States.

■ Although Plaintiff and Amici make a sophisticated argument in support of their contentions on this issue, we are not persuaded that the 1983 amendment to the excise tax either violates 31 U.S.C. § 3124(a) or impairs the obligation of a contract. The discriminatory treatment condemned in *Garner II* is not revived by any perceived conflict between T.C.A. § 67-4-805, as amended, and such statutes as T.C.A. § 9-9-112. As this Court concluded in a similar case, construing a forerunner to this present code section, T.C.A. § 9-9-112 "does not exempt appellant corporation from the payment of the privilege tax enacted by the State for the privilege of doing business in Tennessee...." *National Life & Accident Ins. Co. v. Dempster*, 168 Tenn. 446, 457-458, 79 S.W.2d 564, 568 (1934). The excise tax is not aimed at or based solely on earnings from tax exempt obligations of the State or its political subdivisions. *Id.*, 168 Tenn. at 456, 79 S.W.2d at 567. Because no inconsistency exists between the amended excise tax and the statutes providing a tax exemption for State obligations, application of the rules of statutory construction regarding conflicting statutory enactments is inappropriate and unnecessary; the statutes may be enforced together as they stand. The tax exemption for such obligations is not affected now anymore than when *Dempster* was decided: "By the act in question [the State] has adopted a form of privilege tax on corporations measured by their net income, without any form of discrimination as to the sources of the income included in the measure...." *Id.*, 168 Tenn. at 455, 79 S.W.2d at 567. Since no conflict among the statutes at issue revives a tax exemption for the State, no discriminatory treatment is recreated contrary to the requirements of *Garner II* and 31 U.S.C. § 3124(a).

"Having guaranteed to the purchasers of these bonds immunity from taxation of the principal and interest, the State of Tennessee is without power subsequently to destroy the immunity and to tax the

bonds or interest directly or indirectly. The act here in question, however, does not tax either the principal or interest of any bonds of the State of Tennessee, or of any political subdivision thereof, or of the United States." *Dempster, supra,* 168 Tenn. at 456, 79 S.W.2d at 568. The 1983 amendment was explicitly enacted to include Tennessee obligations in the measure of the excise tax and this legislative intent must be upheld absent a constitutional barrier. "The power of determining the measure of the tax is a legislative function." *Bank of Commerce & Trust Co. v. Senter,* 149 Tenn. 569, 592, 260 S.W. 144, 150 (1923).

■ For similar reasons, the amended excise tax, which requires the taxpayer to include the earnings from tax exempt obligations of the State, of its political subdivisions, and of the United States, in the calculation of net income, does not impair the obligation of the contracts formed when State obligations were purchased. The Tennessee Constitution, Art. I, § 20, and the Constitution of the United States, Art. I, § 10, cl. 1, both prohibit laws that impair the obligation of a contract; however, the contracts between the State and Plaintiff are not impaired by inclusion of income from such obligations in the tax base on which the excise tax is imposed because "[t]he owner may enjoy his exempt property free of tax, but if he asks and receives from the State the benefit of a taxable privilege as the implement of that enjoyment, he must bear the burden of the tax which the State exacts as its price." *Pacific Co., Ltd. v. Johnson,* 285 U.S. 480, 490, 52 S.Ct. 424, 426, 76 L.Ed. 893 (1932). The excise tax is not imposed directly or indirectly on the obligations themselves or on the income earned from them but rather on the privilege of utilizing the corporate form in Tennessee, regardless of whether a corporation uses that privilege to acquire tax exempt obligations, *id.,* 285 U.S. at 490, 52 S.Ct. at 426; it does not revoke the tax immunity provided by such statutes as T.C.A. § 9–9–112. Thus, the obligation of the contracts formed with Plaintiff at the time of their purchase is not impaired. "[T]he principle on which the doctrine of non-im-

pairment of contracts stands is, that the law for its enforcement and execution existing at the time makes a part of the contract, so enters into it as to become a part of it, and therefore stands protected by the constitutional inhibition." *Corporation of Knoxville v. Bird,* 80 Tenn. 121, 124 (1883). The *Dempster* case previously established as a part of the applicable law that a tax on the privilege of doing business as a corporation does not conflict with the tax exemption provided for Tennessee obligations. The Legislature could not retroactively revoke the tax exemption for such obligations or otherwise impose a tax upon such obligations or the income earned on them, but that is not what the amended excise tax does. *See, e.g., Dempster, supra,* 168 Tenn. at 456, 79 S.W.2d at 568. The tax is imposed on the privilege of incorporation and is measured by the corporation's net income, as defined and calculated in the excise tax statutes and regulations.

■ The next issue concerns the nature of the excise tax and whether it is within the taxation exceptions permitted by 31 U.S.C. § 3124(a), which provides:

"Stocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State. The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except—

(1) a nondiscriminatory franchise tax or another nonproperty tax instead of a franchise tax, imposed on a corporation; and

(2) an estate or inheritance tax."

Plaintiff asserts that since Tennessee already has a franchise tax, T.C.A. §§ 67–4–901, *et seq.,* which Plaintiff has paid, the excise tax cannot be imposed as well if income from United States obligations is included in the tax base because 31 U.S.C. § 3124(a) permits only one State tax on such obligations; regardless, Plaintiff insists that the excise tax nevertheless constitutes an income tax and thus is not with-

in the taxation exceptions allowed by the Federal statute.

Unlike any of the *Garner* cases, the issue presented here is not whether the tax is discriminatory but rather whether the excise tax can be imposed in addition to a franchise tax and whether the excise tax constitutes an income tax for the purposes of 31 U.S.C. § 3124(a). The Tennessee Corporate Excise Tax has long been held to be a privilege tax. *See, e.g., Broadmoor-Kingsport Apartments, Inc. v. State*, 686 S.W.2d 70, 72 (Tenn.1985); *Roane Hosiery, Inc. v. King*, 214 Tenn. 441, 445–446, 381 S.W.2d 265, 267 (1964); *Bank of Commerce & Trust Co. v. Senter, supra*, 149 Tenn. at 582–583, 260 S.W. at 146–147. Moreover, the excise and franchise taxes have also been consistently construed together as one coordinate scheme of taxation. *See, e.g., American Bemberg Corp. v. Carson*, 188 Tenn. 263, 272, 219 S.W.2d 169, 173 (1949). In *Garner I*, this Court expressly rejected "the taxpayer's argument that the term 'franchise' tax used in the federal statute excludes a general corporate 'excise' tax." 624 S.W.2d at 554. *Garner II* did not address this issue, which was expressly noted by this Court in *Garner III*; rather, in *Midland Bank & Trust Co. v. Olsen, supra*, we concluded that the United States Supreme Court impliedly characterized the local bank excise tax as a nonproperty tax for the purposes of 31 U.S.C. § 3124(a). 717 S.W.2d at 583, n. 3. Accordingly, we continue to hold that the corporate excise tax is also a nonproperty tax for the purposes of this Federal statute; it is imposed not on the income itself but, as noted previously, on the privilege of doing business in Tennessee in the corporate form. The Legislature has also explicitly stated that this is the policy of the excise tax in T.C.A. § 67–4–806(b). The United States Supreme Court itself has recently recognized that 31 U.S.C. § 3124(a) "did not prohibit nondiscriminatory taxes imposed on discrete property interests such as corporate shares or business franchises, even though the value of that discrete in-

terest was measured by the underlying assets, including United States obligations." *American Bank & Trust Co. v. Dallas County*, 463 U.S. 855, 858, 103 S.Ct. 3369, 3372, 77 L.Ed.2d 1072 (1983) (citations omitted). The Tennessee Franchise Tax, T.C.A. §§ 67–4–901, *et seq.*, is imposed on a different tax base than the Corporate Excise Tax, T.C.A. §§ 67–4–801, *et seq.*, but both expressly provide that the taxes are to be paid "in addition to all other taxes." T.C.A. §§ 67–4–806 (Supp.1987); 67–4–903. The Legislature clearly intends that these taxes be taken in tandem and construed together as one scheme of taxation.

■ Plaintiff relies on the Federal statutory language, emphasizing that "[t]he exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing *a* tax, except—(1) *a* nondiscriminatory franchise tax or another nonproperty tax *instead* of *a* franchise tax, imposed on a corporation" (emphasis added), and argues that this language permits the State to impose only one such tax. As far as we have been able to discover, this language has never been so construed to limit the States' taxing authority; moreover, we think that the usage of the indefinite article ("a" or "an") does not carry the connotation proposed by Plaintiff and means only "any" tax within the statutory exception.[4] Consequently, a number of acceptable forms of taxation can be imposed within this exception and we do not think that such a significant limitation on the taxing authority of the States should be readily inferred from this statutory language without a more definite expression of Congressional intent. Otherwise, as the United States Supreme Court has observed in a somewhat different context:

"Were federal obligations permitted to shelter taxable assets, the States likely would be unable to raise worthwhile revenues through bank share taxes. In that event, one would expect that the States would move to tax banks through fran-

**4.** *Webster's Third New International Dictionary (Unabridged)* includes in the uses of the indefinite article, "a", the connotations "any" or

"each", which usages are directly contrary to the construction of the Federal statute for which Plaintiff here contends.

chise or other nonproperty taxes specifically excepted from the proscriptions of [31 U.S.C. § 3124]."

*First National Bank of Atlanta v. Bartow County Board of Tax Assessors*, 470 U.S. 583, 1523–24, 105 S.Ct. 1516, 1524, 84 L.Ed. 2d 535 (1985).

■ We think that Congress simply intended that Federal obligations and the interest thereon cannot "be considered in computing" any tax *except* (as relevant here) nondiscriminatory franchise or other nonproperty taxes such as an excise tax; these obligations thus can be considered in computing nondiscriminatory taxes that fall within the exceptions provided by 31 U.S.C. § 3124(a). "Congress must have believed that franchise ... taxes required federal obligations to 'be considered, directly or indirectly, in the computation of the tax'; otherwise, the specific exemption for these taxes would have been superfluous." *American Bank & Trust Co. v. Dallas County, supra*, 463 U.S. at 864, 103 S.Ct. at 3375. In a related fashion, Plaintiff has argued that the distinction between a tax *on income* and a tax *measured by income* has been abolished by 31 U.S.C. § 3124, citing *First National Bank of Atlanta v. Bartow County, supra*, 105 S.Ct. at 1523, but we must conclude from the foregoing discussion that this distinction survives for any State taxes within the Federal statutory exceptions. *See American Bank & Trust Co. v. Dallas County, supra*, 463 U.S. at 858 and 867, 103 S.Ct. at 3372 and 3377. As this Court observed in *Bank of Commerce & Trust Co. v. Senter, supra*, "a tax must be measured by some standard, and the right to select the measure devolved upon the legislative department, and ... their selections [are] valid unless constitutional limitations [are] overstepped." 149 Tenn. at 584, 260 S.W. at 148. Thus, we also reject Plaintiff's contention that the excise tax is an income tax for the purposes of 31 U.S.C. § 3124(a).

■ The Plaintiff's final issue concerns the disallowance of its calculation of the carryover of its 1982 net operating loss to the 1983 tax year. Fundamentally, Plaintiff argues that it is not required to include its 1982 income from Tennessee and Federal obligations in calculating its net operating loss carryover, resulting in a loss, and to require inclusion constitutes taxation of 1982 income from such obligations in 1983 in violation of 31 U.S.C. § 3124(a).

The answer to this contention is relatively simple. T.C.A. § 67–4–805(2)(C) is intended to permit the carryover of actual economic losses and thus all taxable income is included in determining whether such an actual loss exists for excise tax purposes. In *Union Planters National Bank v. Woods*, 590 S.W.2d 455 (Tenn.1979), this Court invalidated a pre–1976 regulation promulgated by the Commissioner of Revenue that required inclusion of total income (including earnings from State and Federal obligations) in the calculation of net operating loss, but in 1976 the Legislature essentially adopted the Commissioner's pre–1976 regulation in an amendment to the excise tax statute. This nondiscriminatory treatment of State and Federal obligations is consistent with the requirements of 31 U.S. C. § 3124(a). We think it evident that the Legislature intended net operating losses for the purpose of the carryover provision to reflect actual economic losses.

Accordingly, having found no Constitutional barrier to the 1983 amendment, we affirm the judgment of the Chancery Court of Knox County. As the Supreme Court of the United States noted in *Bartow County, supra*, "[t]he tax exemption required by the Constitution and [31 U.S.C. § 3124(a)] is not a tax shelter." 105 S.Ct. at 1524. The costs are taxed to the Plaintiff.

HARBISON, C.J., COOPER and O'BRIEN, JJ., and CANTRELL, Special Justice, concur.