ROANE HOSIERY, INC.

*v.*

DONALD R. KING, Commissioner, etc.

381 S.W.2d 265.

(*Nashville,* December Term, 1963.)

Opinion filed July 15, 1964.

TABER, CHAMBLISS, STOPHEL & HEGGIE, Chattanooga, of counsel, HUNTER D. HEGGIE, Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, MILTON P. RICE, WALKER T. TIPTON, Assistant Attorneys General, for defendant, in error.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The question presented here is whether a Tennessee corporation is required to pay excise tax to the State based upon its entire net earnings without apportionment, when the only activities this Tennessee corporation has outside of the State of Tennessee consist of the sale of its products through offices of a subsidiary corporation owned and controlled by the Tennessee corporation, when there are no taxes paid by the Tennessee corporation to any other state.

The stipulated and agreed facts are that the appellant is a Tennessee corporation, having its principal place of

business in Harriman, Roane County, Tennessee, and is engaged in the manufacture of hosiery.

The appellant during the year, 1961, and prior years was not qualified to do business in any state other than Tennessee. It maintained in its own right no established place of business outside of Tennessee. Up to the time of the filing of this suit the appellant had not been subjected for the year, 1961, or prior years, to any tax upon or measured by its net income in any state other than Tennessee.

In 1960 the appellant acquired ninety (90%) per cent of the stock of a Delaware corporation, which was qualified to do business in New York for the year, 1961, and prior thereto. In 1961 the appellant acquired the remaining ten (10%) per cent of the stock in this Delaware corporation and changed its name at that time to Roane Hosiery Sales, Inc.

In 1961, the year in which the tax herein is in question, with the exception of a small amount of sales made by its own officers, the appellant sold its products through this Delaware corporation, and this Delaware corporation during 1961 represented only the appellant, receiving a commission of three (3%) per cent of the sales price of the products sold. During 1961 appellant's officers and directors constituted a majority of the Delaware corporation's board of directors. The hiring of personnel and salaries of personnel of the Delaware corporation were subject to appellant's approval. All sales orders taken by the Delaware corporation and adjustments of claims submitted to this Delaware corporation were subject to the appellant's approval. The Delaware corporation's stationery stated it to be appellant's sales agent.

Collections on sales made by the Delaware corporation were made by the appellant and all credits were given by the appellant. Appellant dominated and controlled the activities of this Delaware corporation.

The Delaware corporation during 1961 and prior thereto was not qualified to do business in Tennessee.

The appellant seasonably filed its franchise and excise tax return for the year 1961, and paid the excise tax shown to be due thereon by its return. Thereafter the Department of Finance and Taxation, through the Director of its Franchise and Excise Tax Division, made demand upon the appellant for an additional amount of excise tax and interest based upon denial to the appellant of the right to apportion its earnings for the tax year 1961, appellant having undertaken upon its return to apportion only a part of its net income to Tennessee upon the theory that appellant was doing business in Tennessee and elsewhere. Early in 1963 appellant paid the appellee under protest some $13,000.00, representing the alleged excise tax deficiency and interest of some $500.00. Appellant thereafter instituted this suit which was heard and determined by the Chancellor upon bill, answer and stipulated facts. The Chancellor dismissed the bill. An appeal has been seasonably perfected, excellent briefs filed and able arguments heard. After some days studying this matter, we are now in a position to determine it.

■ All corporations organized under the laws of this State are required to pay annually an excise tax measured by their earnings from business done within the State. Sec. 67-2701, T.C.A. This excise tax is upon the privilege of doing business in corporate form in this

446

State. *Texas Gas Transmission Corp. v. Atkins,* 197 Tenn. 123, 270 S.W.2d 384.

 Corporations of the kind doing business in this State and elsewhere shall apportion their earnings to Tennessee in accordance with the formulae prescribed by sec. 67-2707 through sec. 67-2712, T.C.A. The intent of this excise tax statute is to reach earnings from interstate business of corporations as far as possible. *John Ownbey Co. v. Butler,* 211 Tenn. 366, 365 S.W.2d 33. To all intents and purposes this case that we are now considering is essentially like the John Ownbey case, and in most particulars is controlled by the holding in that case. What we said in the John Ownbey case in reference to doing business in Tennessee and the purpose of the Legislature in enacting this excise tax statute, and the authorities there cited, are equally applicable to the facts in the present case. We might add that it was the purpose of the Legislature in enacting this excise tax statute to place a tax on all business done within this State unless it was taxed by a foreign state, and if this were done, that is taxed by a foreign state, a showing to this effect could be made under the apportionment formulae statutes above cited and the apportionment formula would then be followed by the Commissioner. We think that this is the meaning of sec. 67-2707, T.C.A.

 This tax is imposed upon the privilege of doing business in corporate form in this State. *Texas Gas Transmission Corp. v. Atkins,* supra. The tax is not laid upon the corporate earnings directly in the sense that an income tax is so laid, but it is measured entirely by the net income of the corporation.

 We in effect concluded in the John Ownbey case that a Tennessee corporation, in order to establish its

right to apportion its earnings, has the burden of proving concurrent taxing jurisdiction with respect to the part of its income which has been taxed by some foreign state.

"* * * it is said that an excise tax is a charge imposed upon the performance of an act, the enjoyment of a privilege, or the engaging in an occupation; a tax laid upon the manufacture, sale, or consumption of commodities within the country, * * *" 51 Am. Jur., Taxation, sec. 33, page 61.

When we thus look at this tax, which is imposed here, and the apportionment formula which is part of this act, it is plain to see that the Legislature had in mind that they didn't want to impose double taxation or duplicate taxation on any corporation, but so long as the corporation is a Tennessee domestic corporation doing business here, it should pay taxes as the statute provided on its total net earnings. But if the corporation could, and did, show that it was doing business and paying a tax on the business done in another state, then this apportionment formula would apply. The only common sense and logical conclusion to reach from the enactment of this statute is that the burden is on the corporation to show the Commissioner this, and then the Commissioner applies the formula. If such a claim and showing isn't made, it becomes the duty of the Commissioner to collect all the taxes that the statute fixes on the corporation. The mere fact that the corporation says that it is doing business elsewhere is not sufficient within itself to require the Commissioner to apply the apportionment formula, but if such corporation says that it is doing business elsewhere and shows to the Commissioner that taxes to another state are being paid, then the Commissioner will apply

the formula. It seems clear to us that this is fair, both to the taxpayer and to the State, and is what is due under the facts of this case and the statutes governing the situation.

The basic argument of the appellant is that under the New York statutes the appellant could be subject to a New York State Income Tax on its earnings, or a portion thereof, because of the appellant's complete ownership and domination of the Delaware corporation, which is authorized to do business in New York in its sales functions for the appellant. There is no showing in this record that the taxing authorities of New York have levied any tax upon the appellant's earnings, or have attempted to do so, or have indicated in any wise that they consider the appellant to be within the reach of this taxing statute. We might observe that if New York thought they could constitutionally and legally tax such a holding they would do so, because it is entirely obligatory on their tax authorities to tax what properties they can tax under the various statutes. There is no showing that the courts of New York have in any wise indicated that the appellant is engaged in business in that state to any extent so as to make it amenable to any of New York's corporation statutes, taxing or otherwise.

The appellant attempts to show that its activities in other states, particularly in New York, are more than mere solicitation of orders for future delivery which Public Law 86-272, 73 Stat. 555, isolates from taxation by states other than domiciliary states. We answered this argument in the John Ownbey case to our satisfaction, and do not feel that it is necessary to make other comments thereon.

■ There are a number of cases cited by the appellant to support the proposition that the activities of the appellant through its Delaware corporation in New York make it amenable to service of process in New York. We will not debate the point because it does not follow, if appellant is correct in this, that this corporation would be subject to corporate income taxation in the State of New York. As we said in the Ownbey case, "Ordinarily the doing of business in a state for tax purposes necessitates a much broader meaning to be given to the words than in the case of service of process." We think we answered this question likewise in the Ownbey case.

■ The appellant is not qualified to do business in corporate form in New York. Its Delaware sales corporation is not qualified to do business in Tennessee. Each corporation has its own charter, and they are created under laws of different states, notwithstanding that there is a virtual common management, and appellant owns one hundred (100%) per cent of the Delaware corporation's stock. This though does not constitute an engaging in business elsewhere on the part of this appellant.

■ This liabilities on this appellant for excise tax have to be determined alone by reference to where this appellant enjoys its own corporate existence and conducts its own corporate activities. The tax obligations of the Delaware corporation have to be determined with regard to where it enjoys corporate existence and conducts corporate activities.

■ As said above, we feel that the facts of this particular case bring the appellant squarely within the holdings of the Ownbey case, and for that reason we have not gone into as much detail in various things herein as

we did in the Ownbey case, because the problems here presented were there answered. We feel that the appellant was not doing business "elsewhere" in 1961 within the meaning of sec. 67-2706, T.C.A., and was therefore not entitled to the use of the apportionment formula as set forth in the following Code Section. For the reasons herein expressed the opinion of the Chancellor must be affirmed.