228 So.2d 803

**STATE of Alabama,**

**v.**

**ALGERNON BLAIR, INC., a Corporation.**

3 Div. 256.

Supreme Court of Alabama.

Aug. 21, 1969.

Rehearing Denied Dec. 11, 1969.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Counsel for Dept. of Revenue and Asst. Atty. Gen., Herbert I. Burson, Asst. Counsel for Dept. of Revenue and Asst. Atty. Gen., for the State.

Robert S. Lamar, Jr., and Ball & Ball, Montgomery, for appellee.

LIVINGSTON, Chief Justice.

The State of Alabama appeals from a final decree of the Circuit Court of Montgomery County, Alabama, in Equity, wherein the trial court declared void a final assessment of the State Department of Revenue against appellee for income tax deficiencies for the years 1962, 1963 and 1965; also for refund of said taxes paid under protest after the assessments were made.

It appears from the evidence and stipulated facts that appellee is an Alabama corporation; that it was engaged in the construction business in the State of Tennessee in the years 1962, 1963 and 1965, when and where it paid to the State of Tennessee the total sum of $5,399.94, for taxes imposed by Section 67–2701, Tennessee Code Annotated, 1956, as amended, which section provides as follows:

> "Excise tax on corporate earnings. All corporations, cooperative conducted for profit, joint stock associates and business trusts, organized under the laws of this state, other than those organized for general welfare and not for profit, and all such entities organized under the laws of any other state or country for profit and doing business in Tennessee, shall, without exception, pay to the commissioner of revenue annually an excise tax in addition to all other taxes equal to four per cent (4%) of the net earnings for their next preceding fiscal year, from business done within the state; * * *."

Appellee, in its return of income taxes due appellant for the years 1962, 1963 and 1965, deducted said sum of $5,399.94 paid the State of Tennessee pursuant to said statute quoted above. Appellee contends that the deduction was authorized by Section 390, Title 51, Code of Alabama 1940, as amended. The pertinent part of said section is as follows:

> "(a) For the purpose of ascertaining the income tax due under the provisions of this chapter, by residents of Alabama whose gross income as defined herein is derived from sources both within and without the state of Alabama, there shall be allowed a credit against the amount of tax found to be due by such resident, on account of income derived from without the state of Alabama, *the amount of income tax actually paid by such resident to any state or territory on account of business transacted or property held without the state of Alabama. * * *"* (Emphasis supplied.)

The pivotal question here for consideration under the argued assignments of error

is whether or not the amount paid to the State of Tennessee, supra, is an excise or income tax imposed by said Section 67–2701, supra. Appellant contends that the statute imposes the tax for business done within the State of Tennessee and is a privilege tax, while appellee asserts that the imposition is an income tax or its equivalent. If the tax is excise in character for the privilege of doing business in the State of Tennessee, then appellee is not entitled to credit pursuant to Section 390, supra, but if it is an income tax, such credit should be allowed.

We note from appellee's brief that the State of Tennessee has a provision in its constitution that prohibits the legislature from imposing an income tax. Section 28, Article 2, Tennessee Constitution.

We infer also that appellee paid the taxes to the State of Tennessee without complaint or challenge in the courts that they were income taxes and prohibited under the Tennessee Constitution. Appellee now takes a different view or position in Alabama by insisting that this Court interpret the Tennessee statute, supra, as imposing an income tax.

We refer to Roane Hosiery, Inc. v. King, 214 Tenn. 441, 381 S.W.2d 265, wherein the Supreme Court observed with respect to the statute as follows:

"(1) All corporations organized under the laws of this State are required to pay annually an excise tax measured by their earnings from business done within the State, § 67–2701, T.C.A. This excise tax is upon the privilege of doing business in corporate form in this State. Texas Gas Transmission Corp. v. Atkins, 197 Tenn. 123, 270 S.W.2d 384.

\* \* \* \* \* \*

"(4) This tax is imposed upon the privilege of doing business in corporate form in this State. Texas Gas Transmission Corp. v. Atkins, supra. The tax is not laid upon the corporate earnings directly in the sense that an income tax is so laid, but it is measured entirely by the net income of the corporation."

See also Woods Lumber Company v. MacFarland, 209 Tenn. 667, 355 S.W.2d 448, wherein the Supreme Court observed with respect to said Section 67–2701, as follows:

"(1) The Tennessee Excise Tax Law is neither a property tax nor an income tax, but is a tax based upon the privilege of doing business in corporate form in Tennessee. The pertinent part of Section 67–2701 T.C.A. provides:

" 'All corporations, (for profit) (domestic or foreign) \* \* \* shall, without exception, pay to the commissioner of finance and taxation annually an excise tax, in addition to all other taxes, equal to three and three-quarters per cent (3.75%) of the net earnings for their next preceding fiscal or calendar year, from business done within the state; \* \* \*.' "

Appellee also contends that the pronouncements by the Supreme Court of Tennessee in the aforementioned cases are dicta and should not be here considered. We do not think it necessary for us to determine that issue. But conceding, in paraphrase of Eliasberg Bros. Mercantile Co. v. Grimes, 204 Ala. 492, 86 So. 56, 59, 11 A.L.R. 300, that these pronouncements were dicta, in the strictest sense of that term, and therefore not perforce to be regarded as settled construction of the Tennessee statute, they were nevertheless deliberate judicial interpretations pertinent to the subject in hand, and appropriate as bases for the conclusions announced; and we are bound to presume that they reflected the opinions not only of the authors, but of the other concurring members of the court.

Appellee contends that this Court is not bound by the pronouncements in the Tennessee Supreme Court decisions, supra, and that we are free to ignore them insofar as they hold that the statute imposes an excise rather than an income tax.

But we are unwilling to ignore them, especially when, as here, appellee acceded to the pronouncements and paid the tax without seeking judicial review in the Supreme Court of Tennessee to determine if the statute was offensive to the Tennessee Constitution that prohibited an income tax. We prefer under the circumstances to be guided by these pronouncements as was appellee. They are unequivocal and unambiguous.

We disagree with the finding of the trial court. The trial court on remand of this cause will vacate its final decree from which this appeal was taken. It will forthwith, after the finality of this opinion, render a decree denying the relief which appellee seeks in its bill of complaint.

The decree of the trial court is reversed and the cause remanded with directions as above noted.

Reversed and remanded with directions.

LAWSON, MERRILL and HARWOOD, JJ., concur.