George M. TIDWELL, Commissioner of Revenue, State of Tennessee, Appellant-Defendant,

v.

GAINES MANUFACTURING COMPANY, Appellee-Plaintiff.

Supreme Court of Tennessee.

Aug. 18, 1975.

Everett H. Falk, Asst. Atty. Gen., Nashville, for appellant-defendant; R. A. Ashley, Jr., Atty. Gen., of counsel.

Carl H. Langschmidt, Jr., Boone, Wellford, Clark, Langschmidt & Pemberton, Memphis, for appellee-plaintiff.

## OPINION

HARBISON, Justice.

This action was brought by appellee to recover franchise and excise taxes which had been paid under protest. The issue presented is whether or not appellee is entitled to use a statutory apportionment formula for its excise and franchise taxes on the ground that it is doing business "in Tennessee and elsewhere" as provided in T.C.A. §§ 67–2706 and 67–2912.

In an opinion of this Court released on June 16, 1975 in the case of *The Navarre Corporation v. Tidwell,* Tenn., 524 S.W.2d 647, the same issue was presented. The controlling Tennessee cases on the subject were discussed in some detail in that opinion, and it is therefore not deemed necessary to repeat that discussion here.

As pointed out in the *Navarre* case, the two criteria which have been given greatest emphasis in cases on this subject are whether the corporation has domesticated its charter or otherwise formally qualified to do business in another jurisdiction and whether or not it has in fact paid taxes to another jurisdiction based upon the privilege of doing business there in corporate form. As stated in that opinion, when both of these elements are lacking, a Tennessee corporation must make a very strong showing of substantial contacts with another jurisdiction in order to be entitled to avail itself of the apportionment formulae. It was pointed out in the *Navarre* case, however, that the two criteria mentioned above are not necessarily the sole considerations upon which apportionment may be allowed, and it may be possible for a corporation to use the apportionment formulae even though it has neither qualified in nor paid corporate privilege taxes to another jurisdiction. The factual situation in the *Navarre* case was such that the Court felt that an insufficient showing had been made.

In the present case the chancellor found that the appellee had made a sufficient factual showing, despite its lack of qualification or payment of privilege taxes in other jurisdictions. After reviewing the

record, we are of the opinion that the conclusion of the chancellor is correct.

Appellee is a Tennessee manufacturing corporation, conducting all of its manufacturing operations at McKinzie and Dresden, Tennessee. It manufactures furniture for sale to retail furniture stores, and sells its products in some thirty to forty states. It has approximately twenty salesmen, eighteen of whom reside permanently in other states. All of these salesmen are full-time employees of appellee, compensated on a commission basis.

Involved in this case are the tax years 1966 through 1971. The record shows that the operations of appellee were conducted in the same manner throughout this period, although the gross sales of appellee rose steadily in the years before, during and subsequent to the tax period in question. The record reflects that sales in 1964 were four million dollars, and by 1973 had risen to nineteen million dollars. Tennessee sales generally represented about twelve per cent of the total.

During all of the years in question appellee rented space for showrooms in Chicago, Illinois and High Point, North Carolina on an annual basis. A sublease agreement entered into for showrooms at High Point, North Carolina on August 12, 1968 reflects an annual rental of $19,316.10. Substantial rentals were also paid for the Chicago space. The commission salesmen of appellee used these facilities as needed, and furniture was kept at each showroom throughout the year for display to customers. An additional showroom was rented in Atlanta, Georgia for the years 1970 and 1971. In addition to paying rent on these leased premises, appellee also paid telephone and other utility expenses.

In addition, appellee maintained throughout the tax years in question warehouses in Cleveland, Ohio and Detroit, Michigan, where an inventory of furniture was kept. Shipments were made from these inventories to fill orders taken by salesmen. Personal property taxes were paid to the States of Illinois, Michigan and North Carolina on the inventory of appellee in those states.

Despite the fact that the corporate offices of the appellee were located in the State of Tennessee and that all of its manufacturing operations were carried on there, we are of the opinion that the contacts of appellee with other jurisdictions were sufficiently permanent and substantial to justify the conclusion of the chancellor that the appellee was doing business in other states as well as Tennessee. The regular renting of substantial premises in these jurisdictions, the payment of personal property taxes there, the maintaining of inventories and a substantial number of full-time employees in these jurisdictions, in our opinion, are factors strongly supporting the conclusion of the chancellor.

It appears in the record that prior to the tax years in question the Commissioner of Revenue had permitted appellee to avail itself of the apportionment formulae. It was the opinion of the Commissioner and his staff that under the decision of this Court in the case of *Signal Thread Company v. King*, 222 Tenn. 241, 435 S.W.2d 468 (1968), appellee was no longer entitled to apportionment. We believe, however, that an examination of the *Signal Thread* case, reveals substantially fewer and much less permanent contacts with other jurisdictions than are revealed in the present record. In that case the taxpayer did maintain some finished goods and work in process inventory at North Carolina mills. It also had one full-time resident employee in the State of North Carolina. In addition, personnel of the taxpayer from time to time went to North Carolina to check on the equipment being used and on the quality of the product. The taxpayer did not pay personal property taxes on its inventories, and paid no franchise or excise taxes there until after it had become involved in a dispute with the Tennessee Department of Revenue. This Court held that the contacts with North Carolina, as shown in that case, were not sufficient to entitle the taxpayer to use the apportionment formulae. As stated,

however, we believe that the factual showing made in the present case is substantially different from that in the *Signal Thread Company* case, and we do not consider the decision in the latter case to be dispositive here.

█ As pointed out by the Director of the Franchise and Excise Tax Division of the Department of Revenue in the present case, the phrase "doing business in Tennessee and elsewhere" as used in the Tennessee statutes, is not defined at any point in the legislation. The phrase "doing business", of course, is not uniformly defined in the various types of cases where it is used. In cases involving the requirement of domestication of a corporation, or in cases involving the amenability of a corporation to service of process, different factors and considerations are stressed and discussed by the courts from those emphasized in the franchise and excise tax cases. In addition to formal qualification and actual payment of privilege taxes, the Director, in his testimony, indicated that the Department considered that the maintaining of full-time employees and a permanent place of business outside of the state were factors which the Department itself deemed relevant in determining whether or not apportionment was authorized. The Court is in agreement that these are legitimate considerations, and as previously stated, in our opinion the factual showing in the present case was sufficiently strong that we conclude that the taxpayer was entitled to continue to use the apportionment formulae during the tax years involved here.

The judgment of the chancellor is affirmed at the cost of appellant.

COOPER, BROCK and HENRY, JJ., and LEECH, Special Judge, concur.