**H. D. LESSORS, INC., Appellant,**

v.

**George M. TIDWELL, Commissioner of Revenue, Appellee.**

Supreme Court of Tennessee.

Dec. 20, 1976.

**612**

Hubert A. McBride, Edward M. Kaplan, G. Keith Rogers, Jr., Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, for appellant.

R. A. Ashley, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

HENRY, Justice.

This action was brought by a Tennessee corporation, seeking to recover excise tax and interest paid under protest, with respect to fiscal years 1968–1970 and 1973. The sole issue presented is the right of the corporation to use the apportionment formula, as contained in § 67–2706, T.C.A., on the basis of its "doing business in Tennessee and elsewhere". The Chancellor decided adversely to the corporation and we concur in his conclusion.

### I.

H–D Lessors, Inc. is a Memphis-based Tennessee corporation engaged in the long term leasing of automobiles and trucks, both within and without the state. Its *modus operandi* is somewhat involved, but it all boils down to the fact that H–D leases vehicular equipment, purchased in Tennessee and other states, through salesmen employed by various automobile dealerships. The entire operation is managed from the Memphis office. The lease contracts are prepared there, mailed to the lessee for signature, and returned to Memphis for signature of H–D. All billings are made through the Memphis office. H–D pays all taxes, license and fees on each rented unit but recovers them from the lessee.

H–D neither owns nor rents any out-of-state real estate, maintains no out-of-state office, has no out-of-state employees, maintains no out-of-state inventory, is not domesticated in any foreign state, has no agent for service of process in any other state and pays no income, excise or other tax measured by net earnings in any other state. In short, its out-of-state contacts are minimal.

### II.

This Court handed down a comprehensive opinion on the criteria for establishing that a corporation is "doing business in Tennessee and elsewhere" within the meaning of the apportionment statute in *Navarre Corp. v. Tidwell,* 524 S.W.2d 647 (Tenn.1975) and we again went into the matter in *Tidwell v. Gaines Manufacturing Company,* 526 S.W.2d 460 (Tenn.1975). An extended discussion of these cases would serve no useful purpose.

In *Navarre* we reviewed prior Tennessee decisions establishing the requirement that it was necessary that a corporation seeking the benefits of apportionment show a substantial number of contacts with other states, and we emphasized, as had earlier cases, that domestication and the payment of excise taxes, or their equivalent, were two paramount considerations. Neither is present in the instant case. We recognized that these are not the only criteria but held that in their absence, "a very strong showing would have to be made", 524 S.W.2d at 650, to entitle the corporation to apportion.

In *Gaines* we permitted apportionment in the absence of domestication and excise tax payment to other jurisdictions, but we did so on the basis of "permanent and substantial contacts" to include full-time employees, leased showrooms and warehouses, the payment of personal property taxes and the maintenance of inventories, in other states.

We reiterate the non-rigidity of the domestication and excise tax payments to other states' requirements and our willingness, as in *Gaines* on a showing of substantial contacts, to uphold a corporation's right to apportion. The burden, however, is upon the corporate taxpayer to bring itself within the intendment of the apportionment formula. *Ownbey v. Butler,* 211 Tenn. 366, 365 S.W.2d 33 (1963). Here the taxpayer has failed to carry that burden.

Affirmed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.