**ALLENBERG EXPORTS, INC.,**
**Appellant,**

v.

**Jayne Ann WOODS, Commissioner,**
**Department of Revenue, State of**
**Tennessee, Appellee.**

Supreme Court of Tennessee.

Oct. 12, 1982.

Carl H. Langschmidt, Jr., Boone, Wellford, Clark, Langschmidt & Apperson, Memphis, for appellant.

Joe C. Peel, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellee.

## OPINION

COOPER, Justice.

This action was brought by appellant to recover franchise and excise taxes for fiscal years ending January 31, 1973, and January 31, 1974, which had been paid under protest. The issue presented is whether or not appellant is entitled to use a statutory apportionment formula for its excise and franchise taxes on the ground that it is doing business "in Tennessee and elsewhere" as provided in T.C.A. §§ 67–2706 and 67–2912.[1] The chancellor found that appellant "failed to meet its burden of proving substantial contacts with another state justifying apportionment," and dismissed the action. We affirm.

■■■ The Tennessee franchise and excise taxes are taxes on the privilege of doing business in Tennessee in corporate form. *Nashville & Decatur R. Co. v. Atkins,* 489 S.W.2d 837, 842 (Tenn.1973). To prevent duplicate taxation on corporations doing business in Tennessee and elsewhere, the legislature has provided that a domestic corporation actually engaged in business in corporate form in jurisdictions other than Tennessee can apportion the taxes due Tennessee under formulae set forth in the statute. T.C.A. §§ 67–2706 and 67–2912. The burden of establishing the right to apportionment rests upon the taxpayer. *Signal Thread Company v. King,* 222 Tenn. 241,

435 S.W.2d 468 (1968); *John Ownbey Co. v. Butler,* 211 Tenn. 366, 365 S.W.2d 33 (1963). In connection with this burden, this court pointed out in *Navarre v. Tidwell,* 524 S.W.2d 647 at 650, that

[T]he test of "doing business" as used in the excise and franchise taxing statutes, is not the same as the test used in determining whether a corporation is amenable to service of process in a particular jurisdiction; other and different considerations are involved when considering the subject for purposes of construing tax laws.

Generally, where a Tennessee corporation seeks to claim the benefit of the apportionment formula, it has been required to show a substantial number of contacts with another jurisdiction in order to bring itself within the concept of "doing business" in that jurisdiction. Actual domestication or qualification to do business in another jurisdiction is one of the criteria which has been emphasized; the payment of franchise or excise taxes, or taxes substantially equivalent in nature, to another jurisdiction has also been a major consideration.... These are not necessarily the sole criteria for permitting apportionment, but certainly, under the Tennessee cases, a very strong showing would have to be made by a taxpayer which had neither qualified to do business in another jurisdiction nor paid privilege taxes there on the privilege of doing business. *See also Tidwell v. Gaines Mfg. Co.* 526 S.W.2d 460 (Tenn.1975).

In 1971, Congress deemed it advisable to encourage foreign trade and, to do so, included in the Revenue Act of 1971 a provision granting tax benefits to Domestic International Sales Corporations (DISCs), qualifying under §§ 881–997 of the Internal Revenue Code. Appellant is such a corporation. It was chartered in Tennessee in 1972, and is a wholly owned subsidiary of Allenberg Cotton Company, a Tennessee corporation. Appellant's base of operations is in Memphis, Tennessee, as is that of its

1. Statutory references are to provisions in effect during the tax years in question. These

were revised and superseded in 1976 and subsequent years.

parent, Allenberg Cotton Company. Appellant also is domesticated in Texas, but according to tax returns filed in that state, appellant has no office there and does no business in the State of Texas. Appellant's sole business is the exporting of domestically grown cotton under the terms of the following agreement between it and its parent.

1. DISC [Allenberg Exports, Inc.] is hereby granted the right to sell raw cotton and other products of PARENT [Allenberg Cotton Co.] in all foreign countries (exclusive of Puerto Rico and possessions of the United States).

2. And PARENT will sell raw cotton and other products to DISC, and DISC will resell such products to customers in foreign countries.

3. PARENT's export sales force and agents will solicit orders in the name of DISC, but DISC will not place its orders with PARENT until DISC itself has received a firm order form a foreign customer.

4. It is anticipated that the raw cotton and other products are of a type which will produce qualified export receipts as defined in Section 993(1) of the Internal Revenue Code.

5. Shipments will be made directly by PARENT to foreign customers of DISC.

6. PARENT's employees will act for DISC, and billings and collections will be handled by PARENT in the name of and for the account of DISC.

7. PARENT will invoice DISC at the price which DISC will receive from its foreign customer.

8. At the end of the fiscal year of DISC ended January 31, an amount of net income will be allocated to DISC by PARENT which will be the maximum permitted under the inter-company pricing rules of Section 994 of the Internal Revenue Code.

■ From the agreement, it is apparent that appellant is, in essence, a "paper" corporation set up to permit its parent to take advantage of benefits afforded DISC corporations under federal tax laws. Nevertheless, it is subject to payment of corporate franchise and excise taxes. *Cook Export Corp. v. King,* 617 S.W.2d 879 (Tenn.1981).[2] Appellant has no employees of its own, but conducts its activities through employees of Allenberg Cotton Company in strict compliance with the agreement so as to entitle both parties to the benefits afforded DISCs and their parents. Employees of Allenberg Cotton Company handle sales and purchases of cotton in the name of appellant. When a firm order is received by appellant, it is confirmed and an order is placed by appellant with Allenberg Cotton Company for sufficient cotton to fill the order. These orders are prepared by employees of Allenberg Cotton Company in Memphis, acting in behalf of appellant. Allenberg Cotton Company then ships the cotton directly to the foreign customer. Billings and collections are handled by employees of the parent company in Memphis in the name of and for the account of appellant. The parent invoices the appellant in Memphis at the exact price appellant receives from its foreign customer. As the consequence of this latter action, appellant shows no profit from sales of cotton until the end of the fiscal year when, under the agreement between the parties, Allenberg Cotton allocates and transfers to appellant in Memphis the maximum net income from foreign sales permitted under the inter-company pricing rules of Section 994 of the Internal Revenue Code. It is on this income that the franchise and excise taxes were levied by the State of Tennessee.

■ Appellant insists that by qualifying to do business in the State of Texas and paying taxes based on the privilege of doing business there in corporate form, although it was the minimum tax, it satisfied the basic requirements to be entitled to apportionment of franchise and excise taxes. While these are important factors to be

---

**2.** In *Cook* the majority held that the subsidiary was "doing business" within the purview of the Tennessee corporate franchise and excise tax laws and here no question is raised by appellant, Allenberg Exports, that it does business in Tennessee.

considered, they are not conclusive of the right to apportionment. *Tidwell v. Gaines Mfg. Co.,* 526 S.W.2d 460 (Tenn.1975). The ultimate question is whether appellant actually engaged in business in corporate form in a jurisdiction other than Tennessee. In filing its tax return in the State of Texas, appellant indicated that it had not actually engaged in business in corporate form in Texas. On each of the returns, appellant indicated it had no gross receipts in Texas and the percentage of business in Texas was zero. Also, the returns indicated that appellant had no property in Texas. As to the argument that appellant had a buying office in Texas, suffice it to say that appellant purchased no cotton except from its parent.

Emphasizing the fact that its only business was the selling of raw cotton and other products of Allenberg Cotton Company in foreign markets, appellant insists that it had sufficient contacts in those countries to entitle it to apportionment of its franchise and excise taxes. Appellant admittedly paid no franchise or excise taxes, or taxes substantially equivalent in nature, in any of the foreign countries where sales were made. Furthermore, appellant had no employees or property in any of the countries. Sales were made by employees and agents of Allenberg Cotton Company acting in behalf of appellant. The sales were confirmed and orders filled by employees of Allenberg Cotton Company in Tennessee, acting in behalf of appellant. Purchase orders, shipping documents, invoicing, and collection of monies due from sales also were handled by employees of the parent company in Memphis.

After consideration of the record, we find ourselves to be in agreement with the chancellor that appellant failed to show sufficient contacts in jurisdictions outside Tennessee to entitle it to use the apportionment formula. As we see the evidence, appellant is basically a Tennessee corporation, operating out of Tennessee headquarters, and deriving its privileges to do business in corporate form from the State of Tennessee.

The judgment of the chancellor is affirmed at the cost of appellant.

HARBISON, C.J., BROCK and DROWOTA, JJ., and ALLISON HUMPHREYS, Special Justice.

